# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| WILBERT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>BLITT & GAINES, PC an Illinois Professional Corporation,<br><br>Defendant. | 1:14-cv-10009<br><br>Honorable Edmond E. Chang |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS

NOW COMES Plaintiff, Wilbert Johnson ("Johnson"), by and through his attorneys, Sulaiman Law Group, Ltd., responding to Defendant Blitt and Gaines, P.C.'s ("Blitt") Rule 12(b)(6) motion to dismiss as follows:

#### INTRODUCTION

Blitt's motion to dismiss, while well-argued, misses two very important points with regard to the cases that it cites in support of dismissal: 1) the underlying debt collection actions were filed in the proper venue; and 2) Blitt's case law regarding the nature of Illinois wage garnishments has been superseded by the Illinois Code of Civil Procedure since November 1990. When the First and Eleventh Circuits ruled on this issue, they noted that the plaintiff-debtors had an opportunity to defend the underlying collection actions in the proper venue. In this case, the Plaintiff did not "have his day in court" in the underlying collection matter. Instead, Defendant filed in an inconvenient forum where the Plaintiff did not have a fair opportunity to defend himself.

Although Defendant styles a wage garnishment in Illinois as an action against the employer, it is the consumer's wages that are the target of the action. In fact, the Illinois General Assembly found that the consumer's involvement in the garnishment process mandated amending the relevant garnishment statutes to require notice to the consumer. A debt collector should not benefit from a wrongfully-taken judgment by garnishing the judgment debtor's wages. Such a result defeats the purpose of the FDCPA's venue provision—preventing debt collectors from obtaining default judgments by taking legal actions in an inconvenient forum. This is not a case where a judgment was properly obtained and then enforced in the forum where the judgment debtor's employer is located.

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

**1. The cases cited by Blitt are readily distinguishable from this matter.**

Blitt correctly identifies a split in authority with regard to the FDCPA's venue provision and its application to post-judgment enforcement actions like a wage garnishment. When the

First and Eleventh Circuits ruled on this issue, both cases involved situations where a judgment was obtained in the proper venue. In *Pickens v. Collection Services of Athens*, 165 F.Supp.2d 1376 (M.D. Ga Feb. 8, 2001), the plaintiff received treatment at a hospital located in or near Athens, Georgia. *Pickens*, 165 F.Supp.2d at 1377. The plaintiff failed to pay his medical bill and was subsequently sued in Athens-Clarke County. *Id.* at 1378. The plaintiff appeared in court and entered into a consent judgment agreement. *Id.* That agreement included language specifying that the debt collector would be entitled to seek a wage garnishment if the plaintiff defaulted. *Id.* The plaintiff subsequently defaulted and the defendant debt collector filed a wage garnishment action in the county where the plaintiff's employer was located. *Id.* The plaintiff again appeared in court and intervened in the garnishment action. *Id.* At all times, the plaintiff had a meaningful opportunity to participate in the underlying collection matter as well as in the wage garnishment proceeding.

In *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73 (1st Cir. 2013), the First Circuit faced a similar factual scenario. In *Smith*, the plaintiff, Jennifer Smith, lived in New Bedford, Massachusetts. *Smith*, 714 F.3d at 74. She was sued in the New Bedford District Court in an attempt to collect a consumer debt. *Id.* A default judgment was entered against her. *Id.* Subsequently, the defendant debt collector filed an action in Attleboro District Court seeking to satisfy its judgment by attaching to Smith's wages. *Id.* During the pendency of her FDCPA lawsuit, Smith conceded that the underlying collection action was filed in the proper venue. *Id.* at 75. The *Smith* court noted that Smith had an opportunity to defend against the collection action and was not denied her day in court. *Id.* at 76. It reasoned that because she'd had the opportunity to defend the case in the proper venue, there was "no conflict between that state statutory scheme and the FDCPA." *Id.* The *Smith* court looked to the procedural history of the FDCPA, finding

that "the Congressional concern underlying the FDCPA venue provision was that a debt collector would file in an inconvenient forum, obtain a default judgment, and thereby deny the consumer an opportunity to defend herself." *Id. citing* S.Rep. No. 95-382, at 5 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699.

This case is readily distinguishable from *Pickens* and *Smith*.[1] In this case, Johnson did not have the opportunity to defend against the underlying collection lawsuit in the proper venue. Instead of suing Johnson in Cook County's Sixth Municipal District, which is the proper venue, Blitt sued Johnson in Cook County's First Municipal District. Blitt subsequently obtained a default judgment against Johnson. Blitt's improper choice of venue in the underlying collection action is time-barred under the FDCPA. Johnson was, in the words of the *Smith* court, denied his day in court. Unable to pursue a claim based on the filing of the collection lawsuit, Johnson's only means of protecting his rights as a consumer is to bring a claim based on the filing of the garnishment action. It is worth noting that there is no evidence in the record that indicates that Johnson's employer can be found within Cook County's First Municipal District. As such, it is quite possible that the facts in this case are that much more distinguishable. The facts in this case are on all fours with the scenario that Congress sought to prevent by enacting the FDCPA's venue provisions.

A holding that Johnson states a claim does not create a scenario where judgment debtors would be largely immune from wage garnishments, as Blitt suggests. The Federal Trade Commission's ("FTC") commentary to the FDCPA provides that, "if a judgment is obtained in a

---

[1] The other three cases cited by Blitt also involve judgment debtors who were initially sued in the proper venue. *Hageman v. Barton*, 2014 WL 5320265 (E.D. Mo Oct. 17, 2014)(judgment debtor sued in proper venue); *McDermott v. Barton*, 2014 WL 6704544 (S.D. Ill. Nov. 26, 2014)(judgment debtor sued in proper venue); *Schuback v. Law Offices of Phillip S. Van Embden*, 2013 WL 432641 (Feb. 1, 2013).

**forum that satisfies the requirements of [15 U.S.C. §1692i]**, it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." *Smith* 714 F.3d at 76 *citing Statements of General Policy or Interpretation Staff Commentary On the Fair Debt Collection Practices Act*, 53 Fed.Reg. 50,097, 50,109 (Dec. 13, 1988)(emphasis added). Following the FTC's reasoning, if a debt collector obtains a judgment against a resident of the City of Chicago who works in Gary, Indiana, that judgment can be enforced in Indiana where the judgment debtor works so long as the judgment was obtained in the proper venue. This case is not based on that scenario. A holding in favor of Johnson properly punishes Blitt for proceeding against Johnson in the improper venue.

**2. *Fox*, *Blakemore,* and their progney are persuasive.**

The Ninth Circuit supports Johnson's position. In *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994), the Ninth Circuit specifically addresses post-judgment enforcement actions in the context of §1692i. "The plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. Because 'debt' includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a 'legal action on a debt.'" *Fox*, 15 F.3d at 1515. The Ninth Circuit further noted that the purpose of the FDCPA's venue provision was to protect consumers from having to defend against actions in distant courts. *Id.* "Consumers face similar burdens in defending against enforcement actions," the *Fox* court noted. *Id.* The Ninth Circuit found "no indication that Congress intended to exclude enforcement actions" from the purview of the FDCPA's venue provision. *Id.*

Johnson acknowledges that *Fox* does not address the phrase "against any consumer." However, with the exception of *Jackson v. Blitt and Gaines, P.C.*, 14-CV-008625 (N.D.Ill. Feb. 18, 2015), all of the cases cited by Blitt are based on facts where the underlying judgment was obtained in the proper venue. Moreover, this distinction was never addressed in *Jackson*, because the *Jackson* court did not set a briefing schedule, but instead ruled on the motion when it was presented. *See* Exhibit A, a true and correct copy of the *Jackson* hearing transcript dated February 18, 2015.

Since *Jackson*, one other court in the Northern District has touched on this issue; two others have followed *Jackson*. In *Henciek v. Law Office of Keith S. Shindler, Ltd.*, 14-CV-07149 (N.D. Ill. Mar. 3, 2015), Judge Wood briefly discussed *McDermott* and its holding with regard to wage garnishments. However, the issue was not before the court and was not ruled on by Judge Wood. *See* Exhibit B, a true and correct copy of the March 3, 2015 order. In *Jeanette Etro v. Blitt and Gaines, P.C.*, 14-CV-8924, Judge Blakey found the *McDermott* court's analysis persuasive, noting that the *McDermott* court "collected Illinois appellate authorities dating back to 1896 establishing that garnishment proceedings in this state are against the garnishee." *Etro*, 14-CV-8924, at p. 5. *See* Exhibit C, a true and correct copy of the *Etro* opinion. On March 23, 2015, Judge Blakey issued a similar, oral ruling in *Stevie Wordlow and Rosa Wordlow v. Truemper Titiner & Brough, Ltd.*, 15-CV-00090. However, the idea that 19th-century appellate opinions reflect the current state of the law is flawed, at best. In fact, Illinois appellate opinions that predate 1935 have absolutely no precedential authority in the state of Illinois. *See Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 95 (Ill. 1996). Even if appellate opinions from the Gilded Age had precedential effect, they would pre-date the modern developments in Illinois

law by 90 to 94 years. The flawed logic of *Etro*, *Wordlow*, *Jackson*, and *McDermott* are discussed in more detail below.

It is also worth noting that *Fox* and *Blakemore v. Pekay*, 895 F.Supp 972 (N.D.Ill. June 27, 1995)(following *Fox* in holding that wage garnishment actions can trigger the FDCPA's venue provision) find support from other courts. In *Smith v. Kramer & Frank, P.C.*, 2009 WL 4725285 (E.D.Mo. Dec. 2, 2009), the court noted that "the venue provision of the FDCPA reflects the concern of Congress about consumers having to defend against lawsuits in distant or inconvenient courts." *Smith*, 2009 WL 4725285 at *5. "Consumers face similar burdens in defending against enforcement proceedings in a distant court." *Id.* In *Smith,* the plaintiff received a summons on a writ of garnishment entered in a county where he did not live. *Id.* The summons included a "Notice to Debtor of Exemptions" which informed him that all claims for exemptions and other challenges to the garnishment would be heard in the distant forum. *Id.* The plaintiff did, in fact, appear in the distant forum and challenge the writ. *Id.* at *6. Although the judgment in *Smith* was obtained in the proper jurisdiction, the court acknowledged that the prejudice to the plaintiff was quite real. Blitt argues that the "same court" rejected *Fox* three years later.[2] While this is technically correct, it is unpersuasive. If *Blakemore* is not binding on all judges in the Northern District of Illinois, then the conflicting rulings of two different district court judges in Missouri should be given equal weight.

Blitt admits that *Hageman* is not an outright reversal of *Smith*. However, it does not make *Smith* bad law as Blitt implies. Again, both cases have equal weight from a precedential standpoint. The cases cited by Blitt almost universally rely on the idea that because the consumer

---

[2] Johnson notes that while both *Smith* and *Hageman* were decided in the Eastern District of Missouri, they were decided by two different judges—*Hageman* does not withdraw the holding in *Smith.*

had the ability to defend the underlying collection lawsuit in the proper forum, a post-judgment enforcement action brought in a separate forum is proper. In 99.9% of the Northern District cases that follow *McDermott*, the plaintiff was not afforded their day in court. Whether a wage garnishment is against the consumer is only one piece of the analysis; there is also a strong policy argument that is supported by the FTC commentary to the FDCPA's venue provision.

Moreover, *Adkins v. Weltman, Weinberg & Reis Co., LPA*, 2012 WL 604249 (S.D. Ohio Feb. 24, 2012) provides support to Johnson's position. It is quite possible that the *Adkins* court spent significant time reviewing the mechanism by which garnishments occur in Ohio. However, the opinion does not make that clear because it provides no citations to the Ohio wage garnishment statute. What *is* instructive is the actual language used by the *Adkins* court. The court stated that "only the judgment creditor and the judgment debtor have any beneficial interest at stake in a wage garnishment, the employer-debtor of the employee-judgment debtor has no claim to the money garnished. The employer's only interest is in not becoming liable to pay the wages to both the employee and the employee's judgment creditor." *Adkins*, 2012 WL 604249 at *6. The *Adkins* court further observed that "the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States recognizes that obvious fact by requiring the judgment creditor to give notice to the judgment debtor of the garnishment and requiring the issuing court to afford the judgment debtor an opportunity to contest the garnishment." *Id.*

Moreover, an examination of the Ohio statute indicates that the Ohio garnishment statute is substantially similar to the Illinois scheme. The *Etro* court distinguishes Ohio law to assert the proposition that a garnishment action is against the employer. *See* Exhibit C at p. 6. However, it cites to a section that is devoid of context. Ohio R.C. §2716.03 sets forth a statutory scheme that is substantially similar Illinois'. The judgment debtor and the garnishee are separately defined.

*Id.* Both the garnishee and the judgment debtor are provided notice of the garnishment action. *Id.* The Illinois and Ohio statutes are substantially similar. As such, the analysis of the *Adkins* court should carry the day.

In response to *Adkins*, Blitt cites to three cases that distinguish *Adkins*. However, it is worth noting that each of those cases rely heavily on the FTC commentary to the FDCPA. Quite simply, those cases are ones in which the judgment debtor was sued in the proper venue. Blitt's analysis of those cases also relies heavily on this policy argument. *Adkins* raises a different, more persuasive point. Even if a wage garnishment appears to be directed to the employer, it is actually an action against the consumer. The Ohio garnishment process requires notice to the consumer and that the consumer have an opportunity to challenge the garnishment. Illinois law operates similarly. Moreover, in Ohio, as in Illinois, the employer's only interest in a garnishment proceeding is to avoid liability for failure to garnish.

**3. Illinois wage garnishments, like those in Ohio, are against the consumer *and* the employer.**

The assertion that an Illinois wage garnishment is directed solely at the employer puts form over substance—a legal fiction, at best. The Illinois Code of Civil Procedure governs wage deductions in Illinois. *See* 735 ILCS 5/12-801, et. seq. It requires that judgment debtors receive a wage deduction notice via first class mail. 735 ILCS 5/12-805(a). This must be done before the clerk of the court can issue a summons to the judgment debtor's employer. *Id.* Once the employer is served with the summons and interrogatories, it is required that the employer deliver a copy of the completed interrogatories to the judgment debtor. *Id.* The Code also codifies a statutory form for the required wage deduction notice. *Id.* The notice informs the judgment debtor, "You have the right to request a hearing before the court to dispute the wage deduction

because the wages are exempt." *Id.* The notice also explains that "the amount of wages that may be deducted is limited by federal and Illinois law." *Id.*

Blitt cites *Roy v. Smith*, 735 F.Supp 313 (C.D. Ill. May 3, 1990) to support the position that Illinois law does not require notice to the judgment debtor. The Code and its legislative history demonstrate that Blitt's analysis is incorrect. Months after the ruling in *Roy*, the Illinois General Assembly amended the code of civil procedure to include the statutory language cited above. 1990 Ill. Legis. Serv. P.A. 86-1268; *see also* Exhibit D, a true and correct copy of PA 86-1268. The amendments were approved on September 6, 1990 and took effect on November 5, 1990 ("1990 amendments"). *Id.* In fact, the 1990 amendments added several provisions to multiple sections of the Code that require notice be given to the judgment debtor. For example, the 1990 amendments gave judgment debtors the right to contest the truth or sufficiency of the employer's answer and establishes a procedure allowing the judgment debtor to do so. *Id. See also* 735 ILCS 5/12-811(a)-(b). Moreover, the amendments added the provision that "no deduction order shall be entered in favor of the judgment creditor unless the affidavit filed by the judgment creditor certifies that a copy of the wage deduction notice has been mailed to the judgment debtor." *Id.* It is evident that the Illinois General Assembly intended for consumers to have notice of, and be involved in, the garnishment proceedings. As such, the *Adkins* court's Due Process analysis is highly persuasive. Wage deduction proceedings are against the consumer *and* the employer.

Further supporting Johnson's position is how the Code treats non-exempt wages that are subject to a garnishment action. The employer is required to hold the non-exempt wages on behalf of the judgment creditor. 735 ILCS 5/12-808(b). The judgment then becomes a lien against those wages, which would otherwise be owed to the judgment debtor. *Id.* The

garnishment action is directed at property right belonging to the consumer, not the employer. Like in *Adkins*, the employer's only risk is liability for the "balance due on the judgment" if it fails to remit the garnished funds. 735 ILCS 5/12-808(f). Moreover, the costs of the wage deduction proceedings are charged to the judgment debtor, not the judgment creditor or employer. 735 ILCS 5/12-814(a). The employer is also entitled to a "fee consisting of 2% of the amount required to be deducted." 735 ILCS 5/12-814(c). The amount paid is charged to the judgment debtor. *Id.* The Code specifically states that "no fee shall be paid by an employer for filing his or her appearance, answer or satisfaction of judgment against him or her." 735 ILCS 5/12-814(b).

Blitt will argue that *McDermott, Jackson, Etro,* and *Wordlow* support its position that garnishments are actions against the employer. However, based on the statutory text, the analysis of the *Adkins* court is more apt. What's more, the *McDermott* court solely cites to cases decided before the 1990 amendments to the Code to support the idea that Illinois wage garnishments are solely against the employer.[3] With the exception of *Buckley*, each case cited by the *McDermott* court was decided between 90 and 94-years prior to the 1990 amendments. *Buckley* still misses the mark, but only by six years. The *Jackson* court makes the same mistake. In *Jackson*, Judge Leinenweber cites to *Finch v. Alexander County National Bank*, 65 Ill.App. 337, 1896 WL 2507 (Ill.App.Ct. 1896). *See* Exhibit A at p.3:24-25. In addition to solely focusing on cases that predate the 1990 amendments, both *McDermott* and *Jackson* ignore the Illinois Code of Civil Procedure and its legislative history. When the modern law of wage garnishments is examined, it becomes readily apparent that an Illinois wage garnishment action is a hybrid action—it is

---

[3] *See Hibernian Banking Ass'n v. Morrison*, 58 N.E. 960 (1900); *Arnold v. Hunt*, 81 Ill.App. 430, 1898 WL 3049 (Ill.App.Ct. 1899); *Finch v. Alexander County Nat. Bank*, 65 Ill.App. 337, 1896 WL 2507 (Ill.App.Ct. 1896); *Peter Fischer Imp. Motors, Inc. v. Buckley*, 460 N.E.2d 346, 350 (Ill.App.Ct. 1984).

against the consumer *and* the employer. Johnson was denied his day in court not once, but twice. Blitt's motion should be denied.

It is also worth noting that Illinois's wage garnishment scheme is substantially similar to that of the Ohio scheme discussed in *Adkins*. The only Northern District of Illinois opinion to address Ohio's statutory scheme is *Etro*. However, a closer examination of the Ohio wage garnishment process (which the *Etro* court agrees is against the consumer) shows that it is substantially similar to the scheme employed in Illinois. For example, both Ohio and Illinois require notice to the consumer. *See* 735 ILCS 5/12-805; *see also* R.C. §2716.06. Both states require that the notice apprise the consumer of their rights and the process by which the consumer may request a hearing to challenge the garnishment, assert an exemption, or other remedies. *Id.* Both statutes require service upon the employer, but only "delivery" to the judgment debtor/consumer. *See* 735 ILCS 5/12-805; *c.f.* R.C. §2716.05 and §2716.06. Both states require the employer garnishee to act by responding to the garnishment summons, but only permit the consumer judgment debtor to participate in the proceedings. *Id.* The *Etro* court was correct that R.C. §2716.03 uses phrases like "shall be brought against a judgment debtor." However, that distinguishing factor is a red herring. In both states, judgment creditors can attach to wages owed by the employer to the employee via a statutorily-created lien interest. Both states provide for hearing and notice for the consumer judgment debtor. For all intents and purposes, a wage garnishment is against both the consumer judgment debtor and the employer. They are akin to a mortgage foreclosure action in Illinois, which is filed against the homeowner and the subject property. Any distinction between Ohio and Illinois law puts form over substance. This Honorable Court should not follow the *Jackson* line of cases, but should adopt Johnson's

interpretation, especially in light of the fact that Johnson was never afforded a day in court in the proper venue.

## CONCLUSION

Blitt does not argue that a wage garnishment is not a legal action. As such, it concedes that point. Instead, Blitt properly focuses on the phrase "against any consumer." Unfortunately for Blitt, the only Illinois courts that have addressed this issue examined antiquated Illinois case law[4] to support the proposition that Illinois wage garnishments are actions solely against the employer. The Illinois General Assembly intended to give consumers the opportunity to meaningfully defend wage garnishment actions. The FTC language on which Blitt relies further supports Johnson's argument—the underlying judgment was obtained in an improper forum, therefore Johnson was denied his day in court. This is not an issue that impacts the portability of judgments or the ability of judgment creditors to pursue a judgment debtor's assets wherever they may be located. Instead, it supports Congress's intent when it enacted the FDCPA's venue provisions. Debt collectors should not benefit from obtaining a judgment in the improper venue and then proceed to collect on that judgment. Ruling in favor of Johnson does not create a slippery slope as Blitt suggests. Instead, it holds a small subset of debt collectors accountable and denies them the ability to benefit from violating federal law. Blitt's motion should be denied.

WHEREFORE, Plaintiff, Wilbert Johnson, respectfully requests this Honorable Court deny Defendant's Motion to Dismiss in its entirety and for any other relief this Honorable Court deems just and appropriate.

---

[4] Plaintiff's counsel notes that the 1984 opinion cited in *McDermott* is not "antiquated" so much as it is superseded by the 1990 amendments to the Illinois Code of Civil Procedure.

Dated: April 1, 2015	Respectfully Submitted,

/s/Matthew H. Hector
Matthew H. Hector ARDC#6283058
*Counsel for Plaintiff*
Sulaiman Law Group, LTD.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181