| | | |
|---|---|---|
| WILBERT JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 10009 |
| | ) | |
| | ) | |
| | ) | Judge Edmond E. Chang |
| BLITT AND GAINES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wilbert Johnson filed a complaint against Defendant Blitt and Gaines, P.C. alleging that Blitt violated the venue provision of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C § 1692i(a), while filing a post-judgment wage garnishment proceeding against Johnson's employer under the Illinois Wage Deduction Act, 735 ILCS 5/12-801 *et seq.*[1] Blitt now moves to dismiss the complaint under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim. R. 12, Mot. Dismiss. For the reasons stated below, the motion to dismiss is granted.

## I. Background

In evaluating the motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in Johnson's favor. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2079 (2011). Plaintiff Johnson lives in Calumet City, Illinois. R. 1, Compl. ¶¶ 4, 13. Calumet City falls within the jurisdiction of the Sixth Municipal District in Cook County. *Id.* ¶ 14. But rather than sue Johnson in

---

[1]This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Citations to the docket are indicated by "R." followed by the docket entry.

the Sixth Municipal District, in December 2012, Blitt filed a complaint to collect a debt on behalf of Credit Acceptance Corporation against Johnson in the First Municipal District of Cook County. *Id.* ¶¶ 8, 10; *see also* R. 1-1, Exh. A, State Court Docket at 1 (for *Credit Acceptance v. Wilbert Johnson*, Case No. 2012 M1 173674 (Ill. Cir. Ct., Cook Cnty., Nov. 12, 2013) ("collection case")). The state court entered a default judgment against Johnson on November 12, 2013. Exh. A, State Court Docket at 3. On April 28, 2014, Blitt initiated, on behalf of Credit Acceptance, a wage-deduction action against Johnson's employer to collect on the judgment. Compl. ¶ 23; Exh. A, State Court Docket at 3-4. The state court issued an order for installment payments of the judgment in the collection case and entered judgment against the employer-defendant on June 4, 2014. Exh. A, State Court Docket at 4.

Johnson filed this lawsuit in December 2014, alleging that Blitt violated the venue provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a), by bringing the wage-deduction action (the underlying action on the debt is *not* the subject of this case) in the First Municipal District instead of the Sixth Municipal District, where, remember, Johnson resides. *Id.* ¶¶ 1, 28. Blitt now moves to dismiss Johnson's complaint for failure to state a claim on the grounds that the wage-deduction action was not a "legal action on a debt against any consumer." *See* Mot. Dismiss; 15 U.S.C § 1692i(a).

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

Under the venue provision of the FDCPA, creditors must bring "any legal action on a debt against any consumer" in the judicial district where the consumer resides. 15 U.S.C. § 1692i(a). In its motion to dismiss, Blitt argues that the venue provisions do not apply to the wage-deduction proceeding because an Illinois wage-

deduction proceeding is not a "legal action on a debt against any consumer" under the FDCPA. Mot. Dismiss at 2. Instead, Blitt argues, it is a legal action on a debt against the debtor's *employer*. *Id.* Johnson responds that because the underlying debt-collection action was not brought in the proper venue, the FDCPA venue provisions must apply to the wage-deduction action. R. 15, Pl.'s Resp. Br. at 1-2. If they do not, the argument goes, then Johnson was deprived of his opportunity to defend against the action in a convenient forum. *Id.*

To resolve this issue, it is important to first understand a recent change in the interpretation of the venue provision of the FDCPA. The Court then turns to the statutory language of the FDCPA and Illinois Wage Deduction Act to determine whether the wage-deduction proceeding is "against any consumer."

## A. *Suesz* and Ensuing FDCPA Litigation

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To that end, the venue provision of the FDCPA requires that "[a]ny debt collector who brings any legal action on a debt against any consumer shall … bring such an action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a).

Initially, the Seventh Circuit defined "judicial district or similar legal entity" as the Illinois Circuit Courts, not the intra-county districts used to determine venue of small-claims cases in Cook County. *See Newsom v. Friedman*, 76 F.3d 813, 820 (7th Cir. 1996). In July 2014, however, the Seventh Circuit reinterpreted "judicial district or similar legal entity" in § 1692i to mean the "smallest geographic area that is relevant for determining venue in the court system in which the case is filed." *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638 (7th Cir. 2014) (en banc) (overruling *Newsom*). Because this interpretation applied to all pending cases, *see id.*at 650, it paved the way for FDCPA venue challenges in pending suits filed in in municipal districts in the Circuit Court of Cook County other than those where the debtors reside, *see generally, e.g.*, *Maldanado v. Freedman Anselmo Lindberg, LLC*, 2015 WL 2330213 (N.D. Ill. May 14, 2015); *Hill v. Freedman Anselmo Lindberg, LLC*, 2015 WL 2000828 (N.D. Ill. May 1, 2015); *Sapaula v. Blitt and Gaines, P.C.*, 2015 WL 1407296 (N.D. Ill. Mar. 24, 2015).

Blitt filed the collection case against Johnson in December 2012. When the interpretation of the venue provision changed in July 2014, the one-year statute of limitations had already run on any FDCPA claim Johnson might have had for the collection case. *See* 15 U.S.C. § 1692k ("An action enforce any liability created by this subchapter may be brought … within one year from the date on which the violation occurs."); *see also, e.g.*, *Maldanado*, 2015 WL 2330213, at *3 (holding that the statute of limitation on an FDCPA claim begins to run when the lawsuit giving rise to the claim begins); *Sapaula*, 2015 WL 1407296, at *2 (same); *Pihl v. Law*

*Office of Keith S. Shindler,* 2015 WL 1137695, at *2 (N.D. Ill. Mar. 20, 2015) (same).

Unfortunately for Johnson, the change in the law caused by *Suesz* did not revive

any expired FDCPA claim that might have been based on the collection case. The

wage-deduction action, however, was filed in April 2014, and the entry of judgment

against Johnson's employer was in June 2014. Exh. A, State Court Docket. So, when

*Suesz* gave a different meaning to the venue provision, the statutory period for the

wage-deduction case had not yet run. If the wage-deduction action is "against any

consumer," the FDCPA venue provision applies, and Johnson can benefit from the

application of *Suesz*.[2]

## B. "Against Any Consumer"

Statutory interpretation begins with the plain language of the statute. The

Court must "assume that the legislative purpose of the statute is expressed by the

ordinary meaning of the words used." *U.S. v. Berkos*, 543 F.3d 392, 396 (7th Cir.

2008) (quoting *United States v. Lock,* 466 F.3d 594, 598 (7th Cir. 2006)) (internal

quotation marks and alterations omitted). The plain language of the statute should

be conclusive unless there is clearly expressed congressional intent to the contrary.

*Id.* The language and design of the statute as a whole may also provide guidance in

determining the plain meaning of its provisions. *Id.* (citing *K Mart Corp. v. Cartier,*

*Inc.,* 486 U.S. 281, 291 (1988)). Identical words used in different parts of the same

---

[2]Johnson does not assert any FDCPA claims based on the collection case, but makes a factual argument that his case is unlike the precedent Blitt cites, because he did not have his "day in court" in the underlying collection case. As discussed below, this argument is just a generalized policy argument that is not connected to statutory text or to any other legal principles: the statute of limitations expired before *Suesz*'s new interpretation of the venue provision.

statute are generally presumed to have the same meaning. *U.S. v. Achbani*, 507 F.3d 598, 602 (7th Cir. 2007). Courts should avoid interpreting a statute in a way that renders a word or phrase redundant or meaningless. *Berkos*, 543 F.3d at 396 (citing *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 574-75 (1995)).

The venue provision of the FDCPA requires that "[a]ny debt collector who brings any legal action on a debt against any consumer shall … bring such an action only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a). It is clear from the plain language of the statute that "brings any legal action" and "commencement of the action" must refer to the same "action." *See Achbani*, 507 F.3d at 602 ("[T]he same words have the same meaning throughout a given provision."). But the language of the statute sheds little light on the meaning of the phrase "legal action on a debt against any consumer."

Blitt concedes that a wage-deduction proceeding is a "legal action on a debt" for the purposes of the FDCPA. Def.'s Br. at 2. Because of this concession, both Blitt and Johnson direct most of their arguments to the "against any consumer" language. *Id.*; Pl.'s Resp. Br. at 9. But this parsing of the statute is too myopic: it ignores both the operative verb "brings" in the prefatory language of the venue provision, as well as the language coming after, "in which the consumer resides at the commencement of the action." 15 U.S.C. § 1692i. To determine if a wage-deduction proceeding is covered by the FDCPA venue provision, the Court must

consider the language of the statute as a whole. *See Berkos*, 543 F.3d at 396. The relevant "action" to which "bring" and "commencement" apply is the filing of suit against the consumer. *See, e.g.*, *Maldanado*, 2015 WL 2330213, at *3; *Hill*, 2015 WL 2000828, at *2. Thus, even if a wage-deduction action were "against any consumer" under Illinois law, it would still not run afoul of the venue provision unless it could be determined that it is also a "legal action on a debt" *separate from* the underlying debt collection suit against the consumer.[3]

In *First Finance Co. v. Pellum*, 338 N.E.2d 876 (Ill. 1975)—a case which neither party cited—the Illinois Supreme Court considered whether the State of Illinois is immune from wage-deduction proceedings. In holding that the State enjoyed no immunity in those proceedings, the Court held that a wage-deduction proceeding "is not a distinct and separate action against the employer, but an additional step in the original action against the judgment debtor." *Id.* at 879 (citing *Zimek v. Illinois National Casualty Co.*, 19 N.E.2d 620 (Ill. 1939)). Although, on its face, the language in *First Finance* suggests that a garnishment proceeding is a continuation of a proceeding *against a consumer*, the case considered a different Illinois wage-deduction scheme in the context of sovereign immunity, and asserted that a wage-deduction proceeding is different from an "action in which a judgment or decree is sought against a defendant." *Id.* The concerns at issue in determining whether a State should be immune from particular kinds of suit are altogether

---

[3]As other courts have recognized, it is "less than clear" that initiating wage-deduction or garnishment proceedings constitute "bringing" legal action under the FDCPA. *Glazewski v. CKB Firm, P.C.*, 2015 WL 661278, at *2 (N.D. Ill. Feb. 15, 2015); *see also Hill*, 2015 WL 2000828, at *3 (N.D. Ill. May 1, 2015) ("[O]nly the filing of the collection case initiates the running of the statute of limitations.").

different from the concerns the FDCPA venue provision seeks to address. Further, neither party here argues that garnishment is not an action in which a judgment or decree is sought against a defendant—rather, they disagree over who the "defendant" really is. Nevertheless, *First Finance* illustrates that, if a wage-deduction proceeding is "against the judgment debtor," then it must be merely an additional step in the original action against the judgment debtor, which would not independently trigger the venue provision of the FDCPA. *See id.*; *see also Hill*, 2015 WL 2000828, at \*3 (N.D. Ill. May 1, 2015) (holding that a citation to discover assets is not a legal action that would reset the statute of limitations of the FDCPA venue provision). Blitt does not advance this argument, so the Court must instead evaluate whether the wage-deduction proceeding is "against any consumer."

The answer is no. Even if a wage-deduction proceeding could constitute a separate "legal action on a debt," the proceeding would not be "against any consumer." To determine if the Illinois wage-deduction proceeding is against any consumer, the Court must evaluate the nature of the proceeding based on the state statute itself. *See, e.g.*, *Pickens v. Collection Servs. of Athens*, 165 F. Supp. 2d 1376, 1380 (M.D. Ga. 2001), *aff'd*, 273 F.3d 1121 (11th Cir. 2001) (unpublished); *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 75 (1st Cir. 2013); *Etro v. Blitt & Gaines, P.C.,* 2015 WL 1281521, at \*2 (N.D. Ill. Mar. 18, 2015) (citing cases). When confronted with this issue, the district court decision in *Pickens* assumed without deciding that a garnishment action is a "legal action on a debt" under the FDCPA before turning to Georgia state law to determine that such an action is not "against

9

any consumer." *See Pickens*, 165 F. Supp. 2d at 1380. Similarly, the First Circuit noted that the parties before it had agreed that a trustee process suit was a "legal action on a debt," and then concluded based on the Massachusetts statutory scheme that such an action is not "against any consumer." *See Solomon*, 714 F.3d at 75; *see also Schuback v. Law Offices of Phillip S. Van Embden, P.C.*, 2013 WL 432641, at *5-6 (M.D. Pa. Feb. 1, 2013) (looking to New Jersey law to determine that a New Jersey writ of execution is not "against any consumer").

Several courts have held that a wage-deduction proceeding under the Illinois Wage Deduction Act is not a "legal action on a debt against any consumer" under the FDCPA. *See Etro*, 2015 WL 1281521, at *2; *Hinciek v. Law Office of Keith Shindler*, No. 1:14-cv-07149, slip op. at 3 (N.D. Ill. Mar. 4, 2015); *McDermott v. Barton*, 2014 WL 6704544, at *7-8 (S.D. Ill. Nov. 26, 2014); *Edmondson v. Blitt and Gaines,* 2015 WL 3852178, at *4 (N.D. Ill. June 19, 2015); *Henderson v. Blitt and Gaines*, 2015 WL 3856110, at *4 (N.D. Ill. June 19, 2015); *see also Hageman v. Barton*, 2014 WL 5320265, at *5 (E.D. Mo. Oct. 17, 2014). *McDermott* cites Illinois authority dating to 1896 demonstrating that "a garnishment proceeding based on a judgment should run in the name of the judgment debtor for the use of the judgment creditor as plaintiff against the garnishee as defendant." *McDermott*, 2014 WL 6704544, at *7 (internal alteration omitted) (quoting *Finch v. Alexander Cty. Nat'l Bank*, 65 Ill. App. 336, 339 (1896)); *see also Hibernian Banking Ass'n v. Morrison* 58 N.E. 960, 961 (Ill. 1900) ("[P]laintiff … instituted garnishee proceedings against said receiver, who was served with process, and filed his

answer as garnishee."); *Peter Fischer Imp. Motors, Inc. v. Buckley*, 460 N.E.2d 346, 350 (Ill. App. Ct. 1984) ("[T]he usual garnishment action … is a post-judgment procedure instituted directly against a third party …"); *Arnold v. Hunt*, 81 Ill. App. 430, 432 (1899) ("The affidavit concludes with a prayer for summons against said alleged debtors as garnishees."). These decisions support the understanding of wage-deduction proceedings as actions "against" an employer—not the consumer— as does the language of the Act itself (discussed more fully below). This conclusion is also consistent with the Federal Trade Commission's commentary to the FDCPA, which suggests that post-judgment enforcement actions need not be subject to the venue requirement because "the consumer previously has had the opportunity to defend the original action in a convenient forum." *See* Federal Trade Comm'n, Statements of General Policy of Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,109 (1988).

Johnson argues that the Illinois Wage Deduction statute is more like the Ohio garnishment statute, which an Ohio district court held was an action against any consumer. *See Adkins v. Weltman, Weinberg & Reis Co., L.P.A.*, 2012 WL 604249, at *4-7 (S.D. Ohio Feb. 24, 2012); *see also* Pl.'s Resp. Br. at 8-9. Courts interpreting the Illinois Wage Deduction Act have distinguished *Adkins* because the Ohio garnishment statute explicitly "defines garnishment proceedings as being 'against a judgment debtor.'" *Etro*, 2015 WL 1281521, at *3 (quoting Ohio R.C. § 2716.03); *see also Solomon*, 714 F.3d at 77 n.4; *Schuback*, 2013 WL 432641, at *4-5 (same). But the Seventh Circuit has recognized the "tyranny of labels" in using

11

state law to interpret the meaning of federal statutes, and advocates a functional approach to categorization.[4] *See E.E.O.C. v. Sidley Austin Brown & Wood*, 315 F.3d 696, 705-06 (7th Cir. 2002). So the Court must consider how the Illinois wage-deduction statute actually operates—rather than just look at mere labels—to determine if a wage-deduction proceeding is truly "against any consumer."

The Illinois Wage Deduction Act is substantively similar to both the Georgia garnishment scheme the court considered in *Pickens* and the Ohio garnishment scheme under which *Adkins* was decided. All three schemes require that the judgment debtor be given notice of initiation of a garnishment proceeding against his employer. *See* 735 ILCS 5/12-805; Ga. Code. Ann. § 18-4-64; Ohio R.C. § 2716.02. Under each scheme, some wages are exempt from garnishment, garnishment may not exceed certain maximum amounts, and the judgment debtor has the opportunity to challenge the garnishment orders, either through traverse or request for a hearing. *See* 735 ILCS 5/12-805; Ohio R.C. §§ 2716.02, 2716.041; Ga. Code Ann. § 18-4-20, 60, 65, 111, 114. Notice must include the amount to be garnished, the name of the court issuing the garnishment summons, and certification of service of the summons to the employer. *See* 735 ILCS 5/12-805; Ohio R.C. § 2716.06; Ga. Code. Ann. § 18-4-64.

Under each wage-deduction statute, the judgment creditor must file an affidavit alleging that the employer-garnishee is indebted to the judgment debtor. *See* 735 ILCS 5/12-805; Ohio R.C. § 2716.03; Ga. Code. Ann. § 18-4-61-62. The court

---

[4]Moreover, as discussed below, *Adkins* does not rely on the text of the Ohio garnishment statute.

then issues a summons to the employer, requiring that the employer respond stating what property is subject to garnishment. *See* 735 ILCS 5/12-805-06; Ohio R.C. § 2716.041; Ga. Code. Ann. § 18-4-62. The court may then issue a continuous order requiring the employer to deduct the lawful amount from the debtor's wages and pay them to the court for satisfaction of the judgment. *See* 735 ILCS 5/12-808(e); Ohio R.C. § 2716.041; Ga. Code Ann. § 18-4-63, 111. Each scheme functionally imposes a lien on the wages to be deducted, which takes priority over other liens, but which may be superseded by support liens or other levies. *See* 735 ILCS 5/12-808(b); Ohio R.C. § 2716.041(C)-(D); Ga. Code Ann. § 18-4-111. If an employer fails to answer the summons or impermissibly cease deductions, the court may enter default judgment *against the employer* for some or all of the balance owed on the judgment against the debtor. *See* 735 ILCS 5/12-807; Ohio R.C. § 2716.21(C)-(F), .041; Ga. Code Ann. § 18-4-62, 89, 90, 113. In Illinois, failure to appear could result in the court entering "a conditional judgment against the employer *for the amount due upon the judgment* against the judgment debtor." 735 ILCS 5/12-807 (emphasis added).

The language and operation of each scheme supports the conclusion that wage-deduction proceedings are against the *employer* and not the judgment debtor. The debtor's liability for the underlying debt has already been determined and cannot be reduced (or increased, for that matter) through the wage-deduction proceeding itself. In wage-deduction proceedings, the court assigns duties to the *employer*, judgment is entered against the *employer* in the form of a lien on the

employer's assets, and the court may hold the *employer* liable to the judgment creditor for the entire amount due for failure to comply with the wage-deduction proceeding. The duties and obligations stemming from the wage-deduction action fall squarely on the employer, compelling the conclusion that wage-deduction proceedings are actions against the employer, not the consumer.

Johnson's arguments are unable to overcome how the Illinois Wage Deduction Act works. Johnson first points to the due-process concerns articulated in *Adkins*. 2012 WL 604249, at \*6. In *Adkins*, the court asserted, without citing any authority, that a "garnishment proceeding is without a doubt a legal action" under the FDCPA, that "[o]nly the judgment creditor and judgment debtor have any beneficial interest at stake in a garnishment action," and that the "employer's only interest is not becoming liable to pay the wages to both the employee and the employee's judgment creditor." *Id.* The court then reasoned that giving the judgment debtor notice of the garnishment proceeding and an opportunity for a hearing to contest the proceedings, as due process requires, proves that the proceeding is "against" the judgment debtor. *Id.* (citing *Sniadach v. Family Finance Corp. of Bay View*, 395 U.S. 337, 89 S. Ct. 1820 (1969)).

Johnson urges that the same due process concerns in *Adkins* are at play in the Illinois Wage Deduction Act, as evidenced by the 1990 amendments to the Act. Pl.'s Resp. Br. at 8 (citing *Adkins*, 2012 WL 604249, at \*6). Because the Illinois Wage Deduction Act was amended to provide due process to judgment-debtors, the argument goes, wage-deduction proceedings under the act must be "against" the

14

employee-judgment debtor. Johnson correctly notes Blitt's misplaced reliance on *Roy v. Smith*, 735 F. Supp. 313, 316 (C.D. Ill. 1990), for the proposition that the Illinois scheme does not require notice to the judgment debtor of the wage-deduction proceeding. Pl.'s Resp. Br. at 10. The legislative history of the Act reveals that the 1990 amendments were in response to *Kirby v. Sprouls*, 722 F. Supp. 516, 523 (C.D. Ill. 1989), which held that the Act violated due process because it failed to provide notice to judgment debtors of wage garnishment proceedings instituted against their employers and an opportunity for hearing to contest the proceedings. *See* 86th Ill. Gen. Assemb., Senate Proceedings, June 20, 1990 at 6-7 (statements of Senator Phillip Rock); 86th Ill. Gen. Assemb., Senate Proceedings, June 21, 1990 at 63-64 (statements of Senator Phillip Rock); 86th Ill. Gen. Assemb., House Proceedings, June 26, 1990 at 48 (statements of Representative John Cullerton).

But ensuring that a legal proceeding provides due process for all interested parties does not render that proceeding "against" all those interested parties. As discussed above, wage garnishment proceedings impose duties on employers, result in judgments against employers, and may hold employers liable for noncompliance. The underlying judgment debtors are given notice and an opportunity for hearing in part so that they might contest any garnishment proceeding predicated on an improper default judgment. But otherwise the judgment debtor may not contest the underlying judgment, and thus the wage-deduction proceeding is not truly "against" him. Both *Solomon* and *Schuback*, which were decided after *Adkins*, support this view. Each refused to interpret their states' respective garnishment proceedings as

15

"against any consumer," despite the fact that both Massachusetts trustee law and New Jersey garnishment law have notice-and-hearing requirements similar to those in the Ohio scheme. *See Solomon*, 714 F.3d at 76 (citing Mass. R. Civ. P. 4.2(c)); *Schuback*, 2013 WL 432641, at *5 (citing N.J. Stat. Ann. § 2A:17-63). The due-process provisions in the Illinois statutory scheme do not change against whom the proceeding is brought.

Finally, even if wage garnishment under the Ohio scheme were truly "against" the consumer, several differences among the three schemes confirm that that is not the case in Illinois or Georgia. Under the Ohio scheme, no summons for garnishment may issue to the employer until fifteen days after the judgment creditor makes a demand for satisfaction of the judgment to the judgment debtor, in order to allow him to exercise other options to avoid garnishment. *See* Ohio R.C. § 2716.02. By contrast, both the Georgia and Illinois schemes allow summons to issue to the employer immediately, without any demand to the judgment debtor. *See* 735 ILCS 5/12-805-806; Ga. Code Ann. § 18-4-64. Under both the Illinois and Georgia schemes, the employer may be held liable to the judgment creditor for *the entirety* of the balance on the judgment should it fail to comply with the proceeding. *See* 735 ILCS 5/12-808(f); Ga. Code Ann. § 18-4-62, 90, 113. In Ohio, on the other hand, the employer may only be liable for the amount it owes the debtor at the time it receives the summons. *See* Ohio R.C. § 2716.21(F). What's more, while the Ohio scheme does not specify in which court the garnishment affidavit must be filed, *see* Ohio R.C. § 2716.02, and the Georgia scheme requires only that it be filed in a court

with jurisdiction over the garnishee, *see* Ga. Code Ann. § 18-4-61, a wage-deduction proceeding in Illinois must be filed in the same court that rendered judgment against the debtor. *See* 735 ILCS 5/12-805(a). Thus, under Illinois law, if the wage-deduction proceeding at issue were held to be a violation of the FDCPA venue provision, there would be *no* venue in Illinois where Blitt could enforce its judgment against Johnson via wage deduction.

Johnson next argues that other courts have held that wage-deduction proceedings come within the FDCPA's venue provision. Pl.'s Resp. Br. at 5-9 (citing *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507 (9th Cir. 1994); *Smith v. Kramer*, 2009 WL 4725285 (E.D. Mo. Dec. 2, 2009); *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995)). But these cases do not actually address the issue here. As Johnson himself concedes, *Fox* and *Blakemore* do not address the "against any consumer" language in § 1692i, and thus those decisions do not illuminate the meaning of that statutory language. *Smith* suffers from the same shortcoming. In *Smith*, the district court relied on *Fox* and *Blakemore* to conclude that consumers face similar burdens in defending against enforcement proceedings as they do in defending against the underlying lawsuits. *Smith*, 2009 WL 4725285, at *5. The court then simply assumed, without explanation, that Missouri bank account garnishment proceedings are "against" the account holder and not the bank. *Id.* at *5-6.

Finally, Johnson seeks to distinguish *Pickens*, *Solomon*, and their progeny, arguing that all of those cases were based on facts "where the underlying judgment was obtained in the proper venue," which is not the case here. Pl.'s Resp. Br. at 2-6.

17

In support, Johnson argues that the FTC commentary is inapplicable, because it too applies only to post-judgment proceedings where the judgment is obtained in a forum that satisfies the FDCPA venue provision. *Id.* at 4-5 (citing Federal Trade Comm'n, Statements of General Policy of Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,109 (1988)). Instead, Johnson asserts that the facts here are exactly the scenario Congress sought to prevent by enacting the FDCPA venue provision. *Id.* at 4.

The plain language of the venue provision does not support Johnson's reading. The provision only requires that a legal action on a debt be brought where the consumer resides "at the commencement of *the action.*" 15 U.S.C. § 1692i(a) (emphasis added). The text in no way distinguishes between the initial action on the debt itself and post-judgment collection actions where a prior judgment has already been entered (like a wage-deduction proceeding). Nor does the text distinguish between legal actions predicated on judgments obtained in proper venues versus those obtained in improper venues. So the venue of the underlying collection case is irrelevant to Johnson's claim.[5]

---

[5]Despite the absence of statutory text to support Johnson's argument, it is worth noting that he does raise a potentially important policy concern: it is possible that a debt collector could obtain a default judgment against a consumer in an improper venue, wait out the statute of limitations on that FDCPA venue claim, and then seek to enforce that judgment in the same or another venue. *See Cole v. Cardez Credit Affiliates, LLC*, 2015 WL 1281651, at *8 (D. Idaho Mar. 19, 2015). But stretching the text of the FDCPA venue provision is not the proper mechanism for addressing this problem. Either equitable tolling of the statutory period or an independent FDCPA claim for unfair practices under 15 U.S.C. § 1692f would be a better approach, because those approaches could be evaluated against established case law on equitable tolling or on the actual text of other provisions of the FDCPA.

## IV. Conclusion

For the reasons stated above, a wage-deduction proceeding under the Illinois Wage Deduction Act is not an action "against any consumer" under § 1692i(a) of the FDCPA. Defendant's motion to dismiss [R.12] is granted.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: July 7, 2015